By the Court.
The action was brought under the act of March 25, 1851, “requiring compensation for causing death by wrongful act, neglect, or default,” and the amendment of March 7,1872. 2 S. & C. 1139-; 59 Ohio L. 22.
1. Under the statute, the right to bring the action is vested in the personal representatives of the deceased; and the widow and next of kin can not maintain such action in their own names.
2. The amount recovered in such action is for the exclusive benefit of the widow and next of kin, and is to be distributed among them in the proportions provided by law in- relation to the distribution of personal estates of persons dying intestate.
The risk of ascertaining the persons entitled to the benefit of the recovery, and the duty of making the distribu *525 tion, are not imposed on the defendant, but on the personal representatives of the deceased. Besides, if the widow and next of kin could recover in their own names a joint judgment against the defendant, the judgment might be satisfied by payment to either of the plaintiffs, and thus defeat the distribution required by the statute.
3. A good petition must contain a cause of action in-favor of the plaintiff, and when it does not show such cause of action, the objection is not waived by the failure of the defendant to demur, although the facts stated may constitute a cause of action in favor of a person not a party to-the suit.
We see no error in the judgment of the District Court-Leave to file a petition in error is therefore refused.